[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4211
The plaintiff, Alfred Saturno, filed this action on December 11, 1998, against the defendant, Steven Saturno. The plaintiff claims damages for breach of contract (count one), specific performance (count two), fraud (count three), unjust enrichment (count four) and constructive trust (count five) arising out of the following facts as found by the court. In 1986, the plaintiff and the defendant became equal partners in a real estate venture to purchase property on Lindale Avenue in Stamford, Connecticut (the Lindale Partnership). Eventually, the property was destroyed by fire, resulting in business losses to the Lindale Partnership in the amount of $140,000, as evidenced by the fact that the defendant claimed this entire amount as a loss on his personal taxes. There is no evidence that the losses incurred by the Lindale Partnership were more than this amount. In 1989, the defendant quit-claimed his interest in the property to the plaintiff.
Meanwhile, throughout the early 1990s, the plaintiff's health was rapidly deteriorating to the point where the plaintiff believed that death was imminent. Therefore, he began to transfer all of his assets to his wife. Then, in 1992, the defendant represented to the plaintiff that the plaintiff was liable in the amount of $140,000 for the debt of the Lindale Partnership.
The plaintiff does not dispute the existence of a partnership debt but adamantly disputes that his proportionate share of the debt is $140,000 as the defendant represented to him in 1992. The defendant agrees that he represented to the plaintiff that he was liable for $140,000, that the "Lindale Partnership" incurred a debt of $140,000 and that the defendant enjoyed a tax benefit by writing off this entire amount. From these facts, the court finds that the amount of the partnership debt is $140,000, of which the plaintiff is liable for his proportionate share, or $70,000.
The parties agree that they entered into a contract by which the plaintiff agreed to convey a parcel of his property to the defendant in satisfaction of the plaintiff's share of the debt. The plaintiff further agreed to value the property at $200,000 at the time. The court finds that the amount that the defendant agreed to pay in exchange for the property was the difference between the value of the and the amount of plaintiff's debt, which both parties erroneously believed to be $140,000. The contract allowed the defendant to fulfill his obligation through one of three alternative methods of performance. First, the defendant agreed to pay $60,000 within three years of the transfer. In the alternative, if the defendant failed to make payment within three years, and the property CT Page 4212 was subsequently sold, the defendant agreed to pay the plaintiff $60,000 plus half the proceeds of the sale over $200,000.[1] Lastly, if the plaintiff survived his health problems, and the defendant had not yet performed on the contract through one of the alternative methods, the defendant agreed to reconvey the property back to the plaintiff. The defendant did make an offer in 1996 to reconvey the property to the plaintiff for $160,000, but the deal collapsed when the parties could not agree on the terms of the reconveyance. The defendant since has retained the property and refused to make payment or to reconvey the property in lieu of such payment.
The court finds that the plaintiff has proved by a fair preponderance of the evidence the allegations of the complaint entitling him to recovery on count one or, alternatively, count two. The court does not find, however, that the plaintiff has sustained his burden of proving by clear and convincing evidence that the defendant's misrepresentation of the amount of the debt was known to be untrue by the defendant and made with the intent to induce the plaintiff to convey the property. Citinov. Redevelopment Agency, 51 Conn. App. 262, 275-76, 721 A.2d 1197
(1998). Therefore, the plaintiff may not recover pursuant to counts four and five. Additionally, because the plaintiff may recover under the contract, he may not recover on count three under the alternative theory of unjust enrichment. Hartford Whalers Hockey v. Uniroyal Goodrich Tire,231 Conn. 276, 284, 649 A.2d 518 (1994).
The defendant alleges three special defenses to this action. First, the defendant alleges as to all counts that the plaintiff was indebted to him in the amount of $140,000 and that the plaintiff conveyed the property to him in satisfaction of the debt. Second, the defendant alleges as to all counts that they are barred by the statute of limitations, without specifying the particular statute of limitations that applies. Finally, the defendant alleges that counts one, two, four and five are barred by the statute of frauds.
As for the first special defense, as the court's findings of fact reveal, the defendant has not met his burden of proving that the plaintiff was indebted to him in the amount of $140,000. Additionally, although the parties agree that they entered into the contract as a means of satisfying the plaintiff's share of the Lindale Partnership debt, this fact alone does not defeat the plaintiff's action. The plaintiff has fully performed under the contract, conveying the property to the defendant. The defendant, however, has breached the agreement by neither paying the $60,000, or, alternatively, selling the property and giving the plaintiff his share, nor reconveying the property back to the plaintiff upon the plaintiff's surviving his health problems.
CT Page 4213
The defendant's second special defense that the action is barred by the statute of limitations also fails. The defendant neither alleges with particularity the statute of limitations applicable to the breach of contract claim nor briefs this issue in his posttrial memorandum. The plaintiff, however, fully addresses the issue in his posttrial brief, positing that the statute of limitations is that contained in General Statutes § 52-576.[2] In the absence of objection from the defendant, the court assumes without deciding that § 52-576 is applicable. The facts proven by the plaintiff show that the contract was formed in 1992, the defendant then had three years, or until 1995, within which to make payment of $60,000 to the plaintiff, or, after three years, to sell the property and give the plaintiff his share, or to reconvey the property to the plaintiff, and the defendant did not make such payment, sale or reconveyance. Thus, the earliest the breach could have occurred was in 1995. The plaintiff instituted this action in 1998, approximately three years after the defendant's breach and well within the six year limitations period prescribed in § 52-576.
The defendant's final defense is that the action is barred by the statute of frauds, General Statutes § 52-550.[3] This defense likewise is without merit. "The doctrines of full performance by one party to a contract or part performance by the party seeking to enforce the contract . . . will take it out of the Statute of Frauds. See Ruttv. Roche, 138 Conn. 605, 606, 87 A.2d 805; Strang v. Witkowski,138 Conn. 94, 99, 82 A.2d 624; Haussman v. Burnham, 59 Conn. 117, 133,22 A. 1065." Scribner v. O'Brien, Inc.,169 Conn. 389, 403, 363 A.2d 160
(1975). There is no question in this case that the plaintiff fully performed under the contract by conveying the property to the defendant, at which time he took possession. See id. Therefore, the statute of frauds is no bar to his action.
The court is thus left with determining the appropriate remedy, namely, whether to award damages for the defendant's breach or to order specific performance. "[A]n action for specific performance of a contract to sell real estate is an equitable action and is to be determined by equitable principles." (Internal quotation marks omitted.) Frumento v.Mezzanotte, 192 Conn. 606, 615, 473 A.2d 1193 (1984). "The availability of specific performance is not a matter of right, but depends rather upon an evaluation of equitable considerations. . . . The determination of what equity requires in a particular case, the balancing of equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) Allen v. Nissley, 184 Conn. 539, 546,440 A.2d 231 (1981).
After careful review and consideration of the evidence and respective positions of the parties, the court concludes that equitable CT Page 4214 considerations merit the granting of specific performance. The circumstances surrounding the formation of the contract to convey the plaintiff's property include the extreme ill health of the plaintiff, the belief of the plaintiff, induced by the defendant's egregious, albeit nonfraudulent, misrepresentation that the plaintiff was indebted to him in such a large amount and the defendant's unjustified refusal despite demand to pay the plaintiff his share of the value of the property above the value of the plaintiff's debt. The remaining question for the court is which of the three alternative methods of perfomance should be awarded. Clearly, the first method of performance, payment of $60,000, is no longer an option, since the defendant could select that method of performance only within the first three years of the contract. Neither is the second method of performance an appropriate equitable remedy. Under that alternative, the defendant would be required, after sale, to pay the plaintiff $60,000 plus half the proceeds of the sale over $200,000. The initial amount of $60,000 was based on the defendant's representation that the plaintiff owed the defendant $140,000. Since the court has already found that the plaintiff's debt to the defendant at the time of the conveyance of the property was $70,000, not $140,000, awarding specific performance of this provision of the contract would deprive the plaintiff of $70,000 which is rightfully his. Therefore, considerations of equity persuade the court that the plaintiff is entitled to specific performance of the third method of performance under the contract, that the defendant reconvey the subject property to the plaintiff. So ordered.
HICKEY, J.